of America. Case number 195852 Raymond Cartwright Jr v. United States of America. Argument not to exceed 15 minutes per side. Ms. Simpson, you may proceed for the appellant. Good morning. I am Jennifer Coffin. I'm here today on behalf of Raymond Cartwright. I'd like to reserve three minutes of my time. Very well. Good morning. Good morning. This appeal of the denial of Mr. Cartwright's second or successive 2255 motion seems to have a lot of moving parts, but really it's a very simple appeal. First, Mr. Cartwright's claim is that when the district court sentenced him in 2005 as an armed career criminal, it relied more likely than not on the unconstitutional residual clause. The best proof of this is that in 2005, he had three prior convictions that could have qualified and counted only under the residual clause. That's the two escapes and the incest conviction. Because these convictions did 100% of the work to make him an armed career criminal, the district court didn't have to address the other convictions, although it counted them, it was supplemental. It was like icing on the cake. Because he had these three prior convictions that unquestionably qualified, that makes his claim cognizable under Johnson. It also makes it timely under Johnson. And it also means that he had cause for not raising it on direct appeal because of the solid wall of authority saying that the residual clause was not unconstitutionally vague. Also, the Johnson error that occurred in his case as a result of the district court's reliance on three convictions that qualified only under the residual clause, this Johnson error also prejudiced him. We know this because without those three convictions, he doesn't have three qualifying convictions. He has the only way to get there right now is to count first and second degree burglary convictions. However many, the court decides that it can look at. They are not generic burglary. They're not generic burglary because under Tennessee law between 1932 and 1988 burglary could be proved by an end to excuse me a breaking after entry, but not a common law breaking. So we have to get, let me go back for a second. I'm sorry. There were seven that were listed. I know there's a question about six or seven. Yes. So in order to get to three here, you would, the government needs the aggravated assault, and the first and second degree burglary. Because the third degree was that would be out under Kradler right is that right. So the only way to get to three is the first and second degree and the aggravated assault. So on the on as this as these 2520 to 55 proceedings have proceeded, that's been the situation where the government had to get there by using a first degree burglary, a second degree burglary, the first degree burglary being from 1980, and the aggravated assault. However, in these appeal proceedings, the government has presented some shepherd documents that suggests that the third degree burglary is in fact first degree burglary. So depending on how the court, you know, looks at that whether it's willing to consider that or if it thinks that the government has waived reliance on that particular conviction. This case really does come down to whether first degree burglary and second degree burglary qualify as generic burglary under Tennessee law. I mean it's possible if the court thinks the government has waived that, you know, switcheroo of the third degree to first degree, then we would be in a situation where it could also depend on how the court views the different occasions question, because if we only have the aggravated assault, and the first degree burglary from 1980. And it looks like those two convictions cannot be, it cannot be determined from the shepherd documents that they commit were committed on separate occasions, then that would be another way to get to the same place that Mr. Mr car rate would like to go. But that assumes you would not count that other first degree burglary that's just appeared in these proceedings. So it could be that there are two first degree burglaries and an aggravated assault. If the court is willing to consider the, the, the late brought shepherd documents regarding that first degree burglary paragraph 38. But what this all really means is that ultimately the question whether Tennessee first and second degree burglary dwelling house burglary from 1932 to 1988 qualifies as generic burglary really becomes a deposit a dispositive question. So do you, do you think, do you agree that first and second degree should rise or fall together then. Yes, I did as of the dwelling house language and yes I do. Okay. And then so then what do we do with the Jones case. Well, Jones did not actually touch on in any way, not in the briefing not in its decision not in its analysis on the entry element of second degree burglary. It also only considered second degree burglary so if there's any question about whether Jones might be controlling Jones didn't talk about first degree burglary, and we're so I think that there's some, some possibility there that there may be a distinction based on whether Jones is controlling, but under Mr cartwrights analysis, first degree burglary suffers from the same flaw as secondary burglary under the entry element which Jones did not address at all. Well, I mean Jones didn't talk about what essentially didn't really do the analysis that Cradler did for third degree. But it says that it's generic burglary, and I don't know what do we do with that in light of the cases like I think it was Brown back and some of the other cases where we dealt with Nance and some of the questions about what's the holding of the case and is it just, you know, do we drill down into what the arguments that were made specifically in Jones and whether they did or did not address them or do we just go with the generic kind of holding. Well, I have a couple of answers to that. The first one is there's some there's some difference here between the Nance line of cases, all you know, culminating instead, and this Jones case which is that there was also a decision. Pretty, in which the court actually applied Nance and specifically address the, the provision will when I think about it I'm always thinking about how to challenge the subsection a three provision but there was another decision that came in and actually looked at each one of the subsections and said these are generic burglary. So there was more to it than just, it's generic burglary and I think under right versus Spaulding, and all the other cases that have been cited by Mr Cartwright for the court has for something to be a holding the court has to have consciously consider the issue and it. And so I would say that when the court in Jones finished up by saying and so it's generic burglary, that really is not a binding statement because it was not a conscious decision about the element of entry, it's, it's, it's similar to the situation where the court say the Supreme Court instead, when it when it ultimately held instead that the building or structure element of burglary included vehicles that have been adapted for habitation, it was very careful to say, and so this element is the generic about why it was not generic burglary in the decision on remand. So I don't think it's, it's accurate to say that because Jones, use that loose language, it was necessarily consciously deciding this question. It certainly wasn't deciding the question with respect to first degree burglary. And I think that as the court said, the panel said in kits, it would not make any sense for cradler to have come along and said, this form of Tennessee burglary, as it applies to dwelling is overbroad, and it applies to third degree burglary. And so therefore, it's overbroad for third degree burglary to it's, it's, these are incompatible situations. And I guess that's my answer is there was no conscious decision in Jones, so it can't be binding on this panel. This coffin, your, your, your straightforward answers I think are really helpfully kind of focusing our discussion. So, if this in fact turns on the question whether first degree burglary or first and second degree burglary under Tennessee law are generic burglary for purposes of ACA. Can you just briefly walk me through again why you say they, they are too broad to qualify under the categorical approach. Yes. So, starting in 1932. Well, let me go back, because I do think it matters before 1932 Tennessee had a form of first degree and second degree, but well they weren't called that but dwelling house burglary. That was derived from and looked almost well I don't really know exactly but I know it was derived from the common law, and the Tennessee Supreme Court said that burglary under Tennessee law is defined the same as it is in the common law. And there was a provision in the statute called breaking after entry, that also was derived from the common law, and that provision said that if you enter, and then break the premises, then you've committed common law burglary which is defined in that first statute of burglary and you, and that's the departure. Right. No, that's not the okay yeah so that's before I 32. Right. All right. So in 1932, the Tennessee legislature, added to the breaking after entry provision, the language that it could be a breaking of the premises, after entry, or after entry the breaking into a safe or receptive. Yeah, right. So it was when you're lawfully present, and you could open a container or receptacle with felonious intent that was a breaking that took it outside the scope of common law burglary and also outside the scope of generic burglary so that's the key and before 1932, that the state did not have to separately prove that statute. It was not standalone, it was considered to be a way to prove up burglary. Yes, I mean, exactly. Yeah. Okay, I get it. So the argument doesn't depend on the kind of the cradler analysis of third degree it just rises or falls on the text of first and second degree dwelling house and the extra that little statute that's in between the two of them. Well what cradler does is it confirms my reading of first and second degree burglary as being broader than common law burglary and broader than generic burglary because it includes the breaking into a container while you're lawfully within a prison premises. Yes, but the first, the third degree, the cradler rely cradler needed the Kentucky, Kentucky, Tennessee Supreme Court cases Fox and the other page or whatever, because they kind of read that gloss and the third degree, from what I could tell, but first and second degree. You don't need that step, it seems to me because that provision that provision applies by its terms because of dwelling the use of dwelling house to first and second degree where it wouldn't necessarily apply to third degree does that make sense. That makes sense so we so Fox and page what they do is they confirm what what that provision means with respect to dwelling house burglary exactly they took that and said it applies to third, but what they do for us is show that my reading and Mr. Cartwright's reading of first and second degree burg dwelling house burglary is exactly what what I'm saying and it's broader than generic burglary. So, all right. That was a productive opening argument. Thank you. We'll hear from the government. Morning, may please the court morning. My name is Luke McLaurin and I'm here on behalf of the United States. The denial of Mr. Cartwright successive 2025 petition should be affirmed for a simple reason. He has four prior tenancy convictions to first degree burglaries, a second degree burglary in an aggravated assault that all qualify as violent felonies under non residual cause portions of the armed criminal act. Mr McLaurin do you agree that the first and second degree burglaries stand or fall together in this analysis. Yes, your honor I do because they're, they're elements are identical. Right. Okay, so why do you think that this 39 dash 902 is not a torpedo to the whole of your argument here for two reasons your honor. First of all, 39 dash 902 is a separate offense, it's defined separately in the way that, unlike third degree burglary where this principle was not expressly provided by statute and then the courts read it into the third degree burglary statute. There is a separate statutory provision with different elements. One could call it a burglary offense one could just simply call it a breaking after entry offense but is a different offense than first or second degree burglary. And there's simply no evidence that that Tennessee courts have ever treated that as an alternative means of proving first or second degree burglary, rather it's a separate offense that would have to be proven separately. Why, what about the, it seems to me the jury instructions from Tennessee don't treat it as a separate offense am I misreading that. Well those jury instructions are not actually reliable evidence in fact we've pointed to Tennessee Supreme Court cases that have said explicitly that pattern jury instructions are not authorized descriptions of Tennessee law. And what the Supreme Court has said is when you're trying to determine means or elements you actually have to look at what are authoritative sources of state law and here we have Supreme Court Tennessee Supreme Court opinions, but you can also to the extent that the state law is unclear, you should look at actual jury instructions actual shepherd documents from real cases. In our case, all the shepherd documents we have and we do have a set of jury instructions from one of the burglary convictions. They actually specifically instruct on a breaking and entering theory, and they do not allow conviction, based on a breaking after entry theory. That's good evidence that breaking after entry is not just another means of proving burglary. And what we have our Tennessee Supreme Court cases that have actually interpreted the first and second degree burglary statutes. I think that the best case here, I would point the court to is going to the Tennessee Supreme Court's decision going is very clear that Tennessee defends to the entry authorizes the entry, then it is not burglary there's an absolute defense the secondary burglary. So what we have is a situation that is the exact opposite of what the court based in Kradler in Kradler you had a statute that on its face appeared to define a generic burglary, and then you had court decisions interpreting that statute in a way that suggested something different. Here what we have is a statute that two statutes that on their face defined generic burglary in court decisions that confirm that what those did it actually affirm it separate conviction for a violation of 39903. I mean I talked about on lawful entry but I'm wondering are there cases that say, I mean what are the cases, what case says 39903 is a separately indictable offense and provable offense and has separate elements and etc. I mean I think that the closest case you would get to that is the wooden case which we cited state X or wooden that we cited in our 28 J letter that treats these as walks through the statute and treats them as distinct defenses, but I would, I would submit there's not a case directly on point that says, these are necessarily separate offenses what you have to do is you have to look at the linguistic structure there, it's listed out in a separate statute. And you also have the Bush case that I think is very actually helpful for the government, which that was a situation where somebody was charged with breaking and entering. And then they alleged on appeal that there was a variance from the indictment, because at trial, the government also presented a theory of breaking after entry. And the court considered that that could be a variance in fact it treated as a possible variance, but it simply found in that case, the variance was not fatal, because the defendant had noticed that he was going to be prosecuted under a both a breaking and entering and a breaking after. But I mean, doesn't that mean though and Bush that the court didn't decide whether in fact there was a variance it just didn't have to reach the question one way or the other. It didn't decide whether there was a variance but the fact that it recognized that there could be a variance and didn't just say out of hand of course this isn't a variance because I clearly this is an alternative means, I think is good evidence that that it's that our reading of these statutes is consistent with Tennessee case law. Yeah, it's a little thin I mean it might have been, frankly, given the litigation with that with this it might have been easier just go straight to harmlessness rather than figure out whether in fact it could be a variance. I mean, is that really a holding there or is this more sort of in Jones territory where it's something a court is assuming. I think the the court there was just sort of assuming even if there was a variance, it wasn't. I don't think it was addressing the question but I think the very fact that it's possible that this was a variance, and the court didn't just dismiss it out of hand suggests that it's not immediately obvious that are clear that these are necessary. This is just necessarily alternative means, I think the best evidence for the government is, if you look at all of Tennessee case law, there is not a single case where somebody in Tennessee has been charged with a breaking after entry between breaking and entering theory under first and secondary burger they've charged been charged with first and secondary verbally, but actually been convicted for breaking after entry. There's not a single case anywhere. And the Supreme Court has said when you're assessing the scope of a statute. There has to be a realistic probability, not just a theoretical possibility that the statute could be applied in a particular way. When you have the length the plain language of the first and secondary burglary statutes that only requires breaking after breaking and entering. And the courts have always applied it that way, and have never applied it to breaking after entering and you have a separate statute that appears to contain alternative elements and is listed in a separate statutory provision that could be charged separately. It seems very odd to read that statute as simply an alternative means of proving a different the elements of a different statute. So you're saying there's never been a Tennessee case where the Tennessee courts. In fact, treated 39, a violation of 39 902 as a means of a person being convicted or, you know, yeah. Under either the first degree or second degree burglary provisions is that what you're saying never. Exactly. There has never been a case where somebody where the Tennessee courts have treated 902 is simply a means of proving 901 or 903 any Tennessee court, to your knowledge, no Tennessee court to my knowledge has ever treated 902 as a way of proving as a means of proving 901 or 903. I think the Bush decision is quite distinguishable because you for the reasons that we've already talked about. And I think what we have here again, to the extent that the court is is hung up on this means or elements question. And what the Supreme Court has said is, if there is an ambiguity in state law state law doesn't answer the question. What you can do is you can do what's called the math this peak, you can look at the shepherd documents from actual convictions, and we have shepherd documents here. And what those shepherd documents confirm is that Why should we take judicial notices you ask of those shepherd documents I'm, I'm trying to get the timing straight, you indicate that you came across these in preparing for this appeal. So, this is a 16 years ago issue it seems to me that it's too late for you to make that belated assumption isn't that the sort of delay that we call on habeas petitioners all the time. So why should we allow you to come in at this stage and create that new argument. Well, your honor, you should for a very simple reason these arguments challenging first and secondary burglary were raised for the very first time on appeal. The government was never presented with these arguments below. And so, in an effort to be helpful to the court we've tried to collect documents that would actually be responsive to the arguments the defendant has made on appeal. Below are you talking in the initial proceeding, or are you talking in this 2255 proceeding in the success of 2025 proceeding the first and secondary burglary were never challenged below as as not being predicates or is not qualifying light of Johnson that, in fact, the very theory that under which they are qualified, they don't qualify was never even presented below even when Mr Carter was challenging his what he believed was a third degree very good below. He wasn't challenging it on a theory that the unlawful entry that that statute didn't require unlawful entry. This is an entirely new argument raised on appeal and we're attempting to respond to the argument to be as helpful to the board as possible and that's why we have located and provided the court with the actual shepherd documents. And what those documents show is that in each case of Mr cartwrights prior burglaries he was charged with breaking and entering. And then the jury instructions in the one case we have the jury instruction so the jury was charged that he could only be convicted if the proof showed that he had broken and enter. There was no instruction that it was possible to convict him for breaking after entry. But our position is that there's a couple other reasons, though, that we believe that the court should still find that the Tennessee burglary first and secondary qualify. And that is, as Judge Albanian pointed out, the Jones decision already holds that Jones addressed secondary or burglary. We didn't even analyze the issues, the elements at issue here. How can Jones govern. Because Jones was saying it said that it was engaging in the categorical analysis, it was looking, it was comparing the offense, all the elements to the generic offenses defined in Taylor, it said it was doing that. Now, it didn't give an exhaustive discussion of the breaking and entering element, but it said, you know, based on the language of the set. Isn't that the key issue before us. And haven't we following Jones applied it the way the way Miss coffin argues in our kids case. Yes, the court has a panel and kids has indicted suggested it should be applied that way. But another panel and Carter suggested that Jones reach an unqualified categorical holding about secondary burglary that by Why don't you assume for purposes of this argument that we don't agree with your Jones argument, just so we can focus on what's most useful here. Certainly, Your Honor. With regard to the first degree burglary and secondary where we think the primary point is that this is not like third degree burglary Tennessee has interpreted this differently. All the Tennessee case law out there suggests that First and secondary burglary have an requirement of unlawful entry. In any event, though, we would argue it's our submission that even if it's breaking after entry principle were a part were a means of proving first or second to burglary that would not take it outside the scope of generic burglary. And that is because this notion of breaking entry entry has been part of the law of burglary since the beginning. And it's still part of the law burglary in the concept of remaining in burglary that when somebody's presence in the structure. Is unlawful like they may enter a structure lawfully at first, they may enter with certain authority granted to them by the owner of the house to be in certain areas of the house. Do you think is third degree burglary a lesser included offense of first and second degree. No, Your Honor. It is not because it's involves a different type of structure. Okay. Hasn't the Tennessee Supreme Court said it is, though, am I wrong about that. Your Honor, I believe that the council has said that the Tennessee Council for defending said the Tennessee Supreme Court has said that but I don't believe that that is an accurate statement of the Tennessee law. If it were, would that make a difference. No, I don't believe it would make a difference, Your Honor. I mean I think it's the the the fact that break that these, it had I mean these elements are very similar. But I think that our point is that even if breaking after entry even if that principle were somehow incorporated into Tennessee first and second degree burglary that still fits within the generic understanding of burglary, because common the common law has always recognized breaking. Miss coffins reply brief address your analysis of common law and show that in fact common law fits within her argument as opposed to yours. How do you respond to her citations, all the way back to the beginning of the analysis of common law. I think her argument under common law to be inaccurate. Right. And why is she wrong. That's, I would not characterize it that way or her brief does not show argument to be inaccurate at all. What common law shows and we acknowledge this in the brief is that a common law there was a distinction that was made between breaking into a cupboard that was physically attached to the structure versus one that was not physically attached to the structure, and admittedly, the breaking after entry provision in Tennessee law eliminated that distinction, but that kind of distinction is not one that matters for purposes of unlawful or the unprivileged nature of the burglary for purposes of the modern generic understanding of burglary. We recognize that there are some aspects of this that are maybe a little bit broader than the very old common law, but the Supreme Court has said that it's not just common law burglary generic burglary is broader. It includes unlawful unprivileged presence in the notion behind the breaking after entry principle is that when somebody is in a house and they exceed the authority granted to them by the homeowner and they access areas of the house that they are not allowed to access their presence in that house becomes unlawful presence. When combined with intent to commit a felony, it results in burglary. And because we see my time is out, we just simply for the reasons articulate our brief as this court to affirm the denial of Mr. Cartwright's 22 to petition. Okay, thank you, Mr. McLaurin any further questions from either judge. All right, very well thank you for your argument will hear rebuttal. So in 1875, when there was a breaking after entry principle in the burglary statutes in Tennessee law in Atkins Atkinson versus the state 64 Tennessee 569 at page 573. What the Supreme Court of Tennessee said about the breaking after entry principle that was in the law at the time was that this is nothing more than the principle of the common law that breaking and furtherance of the design that is felonious purpose after entry makes out the offense, and they mean makes out the offense of burglary. At the time, as we've just discussed, it did not include the breaking of something more than the premises by going into another secured area of the premises a building. It included breaking into by 1932, and a receptacle of some kind that didn't have to be attached to the premises in any way and that's what takes Tennessee burglary outside the realm of common law burglary and makes it not generic which this court not an alternative means but a separate crime. Well, my response is this very decision Atkinson's versus versus state Atkinson versus the state where the Supreme Court says this is just another way to make out the offensive burglary. So all the way back then this idea was that this particular principle embodied in this statute is not a separate offense but it's just but are you can I guess my question is, are you convicted of first degree burglary 39901 I mean I understand 1935 is different but 39901, or can the jury return a verdict that says you're guilty of 39902, quote unquote burglary. Well, the way that it's the way that it's from, as the government says there is no case, Tennessee case that's that requires or says that the, that when you're charged with regular burglary that the jury can't come back with burglary but proved by this other means, and I think Bush actually does support the suggestion that in that case the person was indicted, just as Mr Cartwright was indicted with breaking and entering first degree burglary, but the jury was instructed under the breaking after entry provision because that is was an allowable way to make out the offensive first degree burglary, and so you would be punished as though you were convicted under either the first degree burglary statute or the second degree burglary statute, but there was no requirement that there be a judgment for that particular statute and it wasn't. And it wasn't a variance problem that it was the 39902 essentially that led to the 39901 conviction. Right, it wasn't a variance in the indictment that it was only. I mean it supports your view I take it right in, in our position yes it supports our view there's no court that says that that would have been a variance, had that happen and in fact I would say that the reason why there are no Tennessee cases, say, where someone was charged and convicted with the breaking after entries because it wasn't a separate offense. It was just a way to prove the first offense, as the jury instructions confirm and I recognize that the jury instructions do not necessarily say what the law is or make out of the law, but they do tell us how courts were interpreting the law. And if you were a defendant before 1988 looking at being charged with burglary you'd want to know what the jury would have to what the jury would have to find and as soon as you see that as a jury instruction said and you're not going to see a lot of cases to tell us whether that was right or wrong. So when we're in, I guess just as a factual matter there does not happen to be a case out there, where on the facts the person breaks into a receptacle you know enters the dwelling with permission breaks into a receptacle receptacle there and, and is convicted under 901 there just isn't that scenario so far as we know is that an accurate statement. I think that we can say that we maybe haven't found any published decisions that have that factual scenario, but that certainly doesn't mean that that factual scenario hasn't happened hundreds of times and there's been. I mean the jury instructions are a lot of smoke, you know, suggesting a fire somewhere I guess you're saying right. Basically, yes. Yeah. All right. Any further questions. All right. We thank you both for your fine briefing and arguments in this case will carefully consider case will be submitted and the clerk may call the next case. Thank you.